**\*\*E-Filed 10/15/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TYCO THERMAL CONTROLS LLC,<br><br>                Plaintiff,<br>      v.<br><br>ROWE INDUSTRIES, INC.,<br><br>                Defendant. | Case No. 5:10-cv-01606 JF (PVT)<br><br>**ORDER[1] DENYING MOTION TO DISMISS**<br><br>Re: Docket No. 21 |

### I. FACTUAL BACKGROUND

Plaintiff Tyco Thermal Controls LLC ("Tyco") filed its original complaint on April 14, 2010. That complaint was dismissed with leave to amend on August 12, 2010. Dkt. No. 17. Plaintiff subsequently amended its complaint, and Defendant Rowe Industries, Inc. ("Rowe") again moves to dismiss.

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-01606 JF (PVT)
ORDER DENYING MOTION TO DISMISS
(JFLC1)

Tyco alleges that Rowe is responsible for PCB contamination of real property located at 2201 Bay Road in Redwood City, California ("the Property"). First Amended Complaint ("FAC") ¶¶ 1-5. Tyco claims that the contamination occurred between 1965 and 1973, when electrical transformers were manufactured by Rowe's predecessors-in-interest, Pacific Transformer Co., Hill Magnetics, Inc., and Hill Industries, Inc. *Id* ¶ 2.

Tyco claims that Rowe is liable under the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-6972 ("RCRA"), because "Rowe has contributed to the past and present handling, storage, treatment, transportation or disposal of hazardous waste at the Property, which may present an imminent and substantial endangerment to health or the environment." *Id.* ¶ 17.

Documents of which the Court may take judicial notice establish that the California Regional Water Quality Control Board ("CRWQCB") approved a Remedial Action Plan and a Remedial Design/Remedial Action Work Plan on October 9, 2009 and January 20, 2010, respectively. Dkt. No. 8 Request for Judicial Notice, Exs. A (October 2, 2009 Approval of Plaintiff's Remedial Action Plan) and B (January 20, 2010 Approval of Plaintiff's Remedial Design/Remedial Action Work).[2] In its amended complaint, Tyco alleges that it also has sought approval of the proposed remedy by the United States Environmental Protection Agency ("USEPA") because the USEPA has exclusive authority over the investigation and remediation of PCBs. FAC ¶¶ 8-10. Tyco asserts that the USEPA has yet to approve the plan and that no remediation can begin until such approval is given. *Id.* ¶¶ 11-13.

Tyco seeks an injunction or other relief ordering Rowe to pay for all costs associated with the investigation or remediation of the Property pursuant to RCRA. FAC ¶ 21. Alternatively, Tyco seeks an injunction requiring Rowe to take over the investigation and cleanup of the Property. *Id.* Tyco also seeks a judicial declaration that it is entitled to payment of

---

[2] Exhibits A and B are official public records of the CRWQCB that are not subject to reasonable dispute. "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment,' as long as the facts noticed are not 'subject to reasonable dispute.'" *Intri-Plex Technologies, Inc. v. The Crest Group, Incorporated*, 499 F.3d 1048, 1052 (9th Cir. 2007), quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

these costs. *Id.* ¶¶ 22-24. Rowe contends that the amended complaint fails to state a claim for relief under RCRA because Tyco seeks unrecoverable costs; it asserts that Tyco's related request for declaratory relief likewise is without merit.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir.1994).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996).

## III. DISCUSSION

**1. Request to Strike Opposition Brief**

As an initial matter, it is necessary to address Rowe's request that the Court strike Tyco's

3

Case No. 5:10-cv-01606 JF (PVT)
ORDER DENYING MOTION TO DISMISS
(JFLC1)

opposition to the instant motion because it was filed four days after the filing deadline.[3] Rowe argues that Tyco should have filed a motion to enlarge or extend time pursuant to the Local Rules and the Federal Rules of Civil Procedure. Dkt. No. 27 at 2-3. Rowe also urges the Court to impose sanctions, pointing to federal authority indicating that courts have discretion to strike untimely pleadings where no excusable neglect exists. *Id.* at 6 citing *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291 (D.C. Cir. 2004).

As Rowe acknowledges, the Court has broad discretion in controlling its docket, and a determination as to whether a motion to enlarge or extend time should have been filed is within that discretion. Dkt. No. 27 at 2. Here, there is no showing that Rowe was prejudiced by the late filing. "Even if the plaintiff does not file a response to a motion to dismiss under Rule 12(b)(6), the district court must examine the allegations in the plaintiff's complaint and determine whether the plaintiff states a claim upon which relief can be granted." *Furnace v. Evans*, No. 06-4229, 2008 WL 160968, at *4 (N.D. Cal. Jan. 15, 2008); *See also Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40-41 (1st Cir. 2003); *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). It is the Court's duty to examine the complaint regardless of whether the motion is opposed. Moreover, Rowe could have stipulated to Tyco's untimely filing but rejected a request that it do so. Fairness dictates that the opposition papers not be stricken.

**2. Merits**

RCRA's citizen suit provision, 42 U.S.C. § 6972(a), authorizes a district court to "restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste. . .to order such person to take such other action as may be necessary, or both. . ." "The primary relief available to a private party under RCRA is a mandatory injunction, i.e., one that orders a responsible party

---

[3] Under Local Rule 7-3(a), Plaintiff's opposition brief should have been filed and served not later than September 17, 2010. However, Tyco's counsel represents that he did not receive electronic notice of the instant motion and thus did not file opposition until September 21, 2010.

4

to 'take action' by attending to the cleanup and proper disposal of toxic waste, or a prohibitory injunction, i.e., one that 'restrains' a responsible party from further violating RCRA." *Gilroy Canning Company, Inc. v. California Canners and Growers*, 15 F.Supp.2d 943, 945 (N.D. Cal. 1998), quoting *Meghrig v. KFC Western,Inc.*, 516 U.S. 479, 484 (1996).

RCRA is not designed to compensate plaintiffs for past cleanup expenditures. "A private party cannot recover the cost of a *past* cleanup effort under RCRA." *Meghrig,* 516 U.S. at 488 (emphasis in original); "[f]ederal courts addressing the issue have universally held that RCRA citizen suits provide no damages remedy." *Express Car Wash Corp. v. Irinaga Bros.*, 967 F.Supp. 1188, 1193 (D. Or. 1997). A party may seek an injunction ordering a defendant to pay cleanup costs incurred after a RCRA claim has been filed. *Gilroy* 15 F.Supp.2d at 945 ("the Supreme Court left it open for the lower courts to determine whether a private party may retroactively recover cleanup costs incurred *after* properly commencing a RCRA suit or invoking RCRA's statutory process. . . . [P]ost-filing cleanup costs are not clearly barred by RCRA." (emphasis in original); *U.S. v. Torlaw Realty, Inc.*, 483 F.Supp.2d 967, 974 (C.D. Cal. 2007) ("Post-filing cleanup costs are not barred by RCRA") aff'd, 348 Fed.Appx. 213 (9th Cir. 2009). However, an award of post-filing cleanup costs is not without limits. *Express Car Wash* implies that RCRA permits an injunction requiring another party to pay post-filing cleanup costs only if remediation efforts were not substantially in place at the time the suit was filed. 967 F.Supp. at 1193.

The dispositive issue in this case is whether Tyco's remediation plan was substantially in place at the time suit was filed. Tyco argues that the plan approved by the CRWQCB cannot be considered final until the USEPA has provided written approval. FAC ¶ 8. The USEPA is responsible for regulating PCB's under the Toxic Substances Control Act, 15 U.S.C. § 2605 (e) ("TSCA"), and it has authorized various methods for the disposal of PCB's. *Id.* ¶ 7. The "risk-based" method that Tyco has chosen specifically requires written approval by the USEPA prior to any cleanup. *Id.*; 40 C.F.R. § 761.61(c)(1) ("No person may conduct cleanup activities under this paragraph prior to obtaining written approval by EPA."). Tyco argues that because the

5

Case No. 5:10-cv-01606 JF (PVT)
ORDER DENYING MOTION TO DISMISS
(JFLC1)

USEPA has yet to provide approval, no finalized remediation plan exists at this time, and no remedial work can begin.  FAC ¶ 13.

Rowe contends that the CRWQCB remediation plan was in place at the time of filing and that the pendency of USEPA approval changes nothing because there is no new contamination that would warrant the implementation of a different plan.  Dkt. No. 21 at 6:13-26.  Rowe also contends that *Express Car Wash* does not require that a *final* remediation plan be in place at the time a RCRA complaint is filed, but only that such a plan be substantially in place.  Dkt. No. 27 at 7:24-28.

However, *Express Car Wash* did not address this precise question.  In ruling on a motion to dismiss, the Court must view the facts in the light most favorable to the non-moving party. The USEPA has exclusive authority to approve remedial action plans when a risk-based cleanup of PCB's is elected.  Pursuant to that authority, the USEPA has the power not only to adopt the remediation plan approved by the CRWQCB but also to reject it or order that it be modified. Until the USEPA makes its decision, it would be premature for this Court to dismiss the instant action on the basis asserted by Rowe.  Accordingly, the motion to dismiss will be denied without prejudice.

## IV.  ORDER

Good cause therefor appearing, the motion to dismiss is DENIED without prejudice.

IT IS SO ORDERED.

DATED: 10/15/2010

_____
JEREMY FOGEL
United States District Judge